# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITES STATES OF AMERICA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-1310** |
| | § | |
| **$4,524.50 SEIZED FROM BANK OF** | § | |
| **AMERICA ACCOUNT *1898, *et al.*,** | § | |
| **Defendants.** | § | |

## CLAIMANTS CLINT CARRINGTON CARR AND CHELSEA CARR'S ORIGINAL ANSWER

COME NOW, Clint Carrington Carr and Chelsea Carr (collectively "Claimants"), by and through their undersigned counsel, and file this Original Answer to Plaintiff's Complaint for Forfeiture.

### I. Admissions and Denials

1. Claimants admit this is a law suit brought by the United States to forfeit property as alleged in paragraph 1.

2. Claimants admit paragraphs 2(a) through 2(f) are the defendant properties that were seized by the United States on or between November 15, 2017, and November 28, 2017. Claimants deny the allegations in paragraph 2(g). Claimants admit the allegations in paragraph 2(h). Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2(i) and 2(j), and therefore deny those allegations.

1

3. Claimants admit the allegations in the paragraph 3, titled "Jurisdiction and Venue."

4. Claimants admit that the references to statutes contained in the paragraph 4, titled "Statutory Basis for Forfeiture," are accurate, but deny that the statutes are applicable in this case.

5. Claimants admit the allegations contained in paragraph 5.

6. Claimants admit the allegations contained in paragraph 6.

7. Claimants deny the allegations in paragraph 7.

8. Claimants admit that Clint Carr is the owner of CC Pharmacy, but Claimants deny the remainder of the allegations in paragraph 8.

9. Claimants deny the allegations in paragraph 9.

10. Claimants deny the allegations in paragraph 10.

11. Claimants deny the allegations contained in paragraph 11.

12. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny those allegations.

13. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny those allegations.

14. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny those allegations.

15. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore deny those allegations.

16. Claimants deny the allegations contained in paragraphs 16(1) through 16(7).

17. Claimants deny the allegations contained in paragraph 17.

18. Claimants deny the allegations contained in paragraph 18(a) – 18(h).

19. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore deny those allegations.

20. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore deny those allegations.

WHEREFORE, premises considered, Claimants pray that the Plaintiff take nothing, that the property identified in Claimants' Claim be returned to Claimants, and for such other relief as Claimants may be justly entitled.

**RESPECTFULLY SUBMITTED,**

HUGHES ARRELL KINCHEN, LLP

*/s/ Michael J. Wynne*
_____

**MICHAEL J. WYNNE**
SDTX Bar No.: 18569
Texas State Bar No: 00785289
1221 McKinney St., Ste 3150
Houston, Texas 77010
713.574.6514
713.568.1747 FAX
mwynne@hakllp.com


ATTORNEYS FOR CLINT
CARRINGTON CARR AND
CHELSEA CARR

4

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Southern District's CM/ECF system per Local Rule CV-5(a)(3) on this 21st day of August 2018**.**

                                          */s/ Michael J. Wynne*
                                          _____
                                          **MICHAEL J. WYNNE**